IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES RICHARD HERMANN, | ) | |
| Plaintiff, | ) ) | Case No. 7:15CV00644 |
| v. | ) ) | **OPINION** |
| LARRY T. EDMONDS, WARDEN, | ) ) ) | By: James P. Jones<br>United States District Judge |
| Defendant. | ) ) | |

*James Richard Hermann, Pro Se Plaintiff.*

The plaintiff, James Richard Hermann, a state prison inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Hermann asserts that prison officials have violated various prison policies, resulting in a reduction in the rate at which he can earn good conduct time. After review of Hermann's allegations, I cannot find that he has provided a legal or factual basis for any claim actionable under § 1983. Therefore, I will summarily dismiss the action as legally frivolous.

Hermann is confined at Dillwyn Correctional Center ("DWCC"). In November 2014, officials moved him to Building 1A where the Pre-Cognitive Pilot Program ("Pre-Cog") classes are conducted. Hermann was on a waiting list for other classes mandated by his treatment plan, but still complied with Pre-Cog

conditions as a requirement for all inmates housed in that building. On December 3, 2014, a counselor wrote a disciplinary charge against Hermann for refusing to attend school. After his conviction of this disciplinary infraction, officials moved Hermann to Building 5B, removed him from the Pre-Cog program, and reduced him from Earned Sentence Credit ("ESC") Level 1, earning 4.5 days of good conduct time for every 30 days served, to ESC Level 4, earning no good conduct time. His later requests to enroll in the Pre-Cog program so he could earn back his ESC Level 1 status were denied.

Hermann filed this § 1983 action in November 2015 against the warden of the facility, alleging violations of his due process rights. He asserts that DWCC staff members (a) used the wrong Operating Procedure ("OP") to place him at ESC Level 4, (b) refused to grant him relief from several other OP errors, and (c) refused to grant him reenrollment to the Pre-Cog program to earn ESC Level 1. As relief in this case, he seeks injunctive relief to correct these procedural errors.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). In this context, the court may dismiss as frivolous a claim based on "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual

contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

"To state a procedural due process violation, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' . . . or it may arise from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (internal citations omitted). An inmate's federally protected liberty interests created by state law are "limited to the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (internal citations omitted).[1]

---

[1] Hermann states no facts on which I can find any violation of his substantive due process rights here. *See, e.g., Newman v. Beard*, 617 F.3d 775, 782 (3d Cir. 2010) ("Conduct can violate substantive due process if it shocks the conscience, which encompasses only the most egregious official conduct.") (internal quotation marks and citations omitted).

If the status change that an inmate challenges does not impose "atypical and significant hardship" on him or "inevitably affect the duration of his sentence," then he has no federally protected liberty interest, and he is not entitled to federal due process protections before prison officials may implement that change. *Sandin*, 515 U.S. at 484-87. Mere limitations on privileges, property, and activities, and even disciplinary actions, "in response to a wide range of misconduct fall[] within the expected perimeters of the sentence imposed by a court of law," and as such, cannot qualify as harsh or atypical so as to create a protected liberty interest. *Id.* at 485.

Hermann fails to show that he has been deprived of any protected liberty interest. He does not specify any state law that entitles him to maintain a particular ESC Level or that creates a right, rather than an opportunity, for him to earn good conduct time at all. He also does not state facts showing that his removal from the Pre-Cog program subjected him to living conditions that qualify as "atypical and significant hardship," when compared to standard conditions and restrictions for any inmate at DWCC. In the absence of a protected liberty interest, Hermann had no federal right to particular procedural protections in connection with his removal from, his request to enroll in, the Pre-Cog program, or his request for reinstatement to a particular ESC Level.

To the extent that Hermann complains about prison officials' alleged failure to follow state classification or operating procedures, such violations of state law do not give rise to a federal due process issue, and are not actionable under § 1983. *See Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 392 (4th Cir. 1990) ("[I]t is well settled that violations of state law cannot provide the basis for a due process claim."); *Middleton v. Zych*, 7:12-cv-00266, 2012 WL 4742777, at *2 n.7 (W.D. Va. Oct. 4, 2012) ("[A] claim that prison officials have not followed their own policies or procedures does not amount to a constitutional violation"), *aff'd,* 514 F. App'x 401 (4th Cir. 2013) (unpublished). Accordingly, I conclude that Herman's allegations fail to provide a factual or legal basis for any federal due process claim actionable under § 1983, and will summarily dismiss all such claims under § 1915A(b)(1), as frivolous.

A separate Final Order will be entered herewith.

DATED: February 25, 2016

/s/ James P. Jones
United States District Judge

-5-

Case 7:15-cv-00644-JPJ-RSB    Document 9    Filed 02/25/16    Page 5 of 5    Pageid#: 79